IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAELYNN THOMPSON, individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

CONTINENTAL TIRE THE AMERICAS,
LLC,

        Defendant.

Case No. 3:25-CV-1928-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1047 (7th Cir. 2025); *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998, 1009 (S.D. Ill. 2020) ("As a jurisdictional issue, the Court has a responsibility to address standing *sua sponte*." (quoting *Snider v. Heartland Beef, Inc.*, 479 F. Supp. 3d 762, 765–66 (C.D. Ill. 2020))). Article III standing is an unwaivable jurisdictional prerequisite for bringing a case in federal court. *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) (citing *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020)). For the reasons explained below, the Court orders the parties to file supplemental briefing on the question of standing.

      On September 16, 2025, Plaintiff Kaelynn Thompson filed a putative class action complaint in Illinois state court against Defendant Continental Tire the Americas, LLC, alleging violations of the Illinois Genetic Information Privacy Act (GIPA), 410 ILL. COMP.

STAT. 513/1 *et seq.* (Doc. 3-1). She alleged that Continental Tire, her former employer, violated her privacy rights (and those of similarly situated individuals) by requiring employees seeking workers' compensation benefits to provide their family medical history in violation of GIPA. *Id.* On October 20, 2025, Continental Tire removed the case pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332(d) (Doc. 3). It then filed an answer to Thompson's complaint on November 12, 2025. (Doc. 15).

To have standing to bring suit in federal court, "a plaintiff must have suffered (1) a concrete, particularized, and actual or imminent injury (an 'injury in fact') (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Dinerstein*, 73 F.4th at 511 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). As relevant here, the injury-in-fact requirement is not satisfied by the violation of a statute alone; even where a legislature authorizes suit for some legal violation, a plaintiff must show it caused her some harm beyond the violation itself. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (finding no injury in fact for class members who were not actually harmed by defendant credit agency's statutory violation).

A plaintiff's harm does not constitute an injury in fact unless it is sufficiently "concrete." *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 637–38 (7th Cir. 2023). "Qualifying [harms] are those with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 638 (quoting *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 938 (7th Cir. 2022)). This includes both "'traditional tangible harms, such as physical and monetary harms' as well as '[v]arious intangible harms.'" *Id.* (alterations in original) (quoting *Pierre*, 29 F.4th at 938). However, intangible harms "qualify as a concrete injury in fact . . . only when the harm bears a 'close relationship' to a traditional harm given

redress in courts at common law." *Id.* at 639 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

In other words, to establish a statutory violation as an injury in fact, a plaintiff must identify how that violation harmed her. If it harmed her tangibly—by costing her money or physically hurting her—the inquiry ends there. When a plaintiff asserts an intangible harm, she must identify "a particular common-law analogue" and explain why it is "sufficiently analogous" to her asserted harm. *Dinerstein*, 73 F.4th at 513.

Harms such as violations of privacy, as alleged here, are considered intangible. *See, e.g.*, *TransUnion*, 594 U.S. at 425. After the Supreme Court's decision in *TransUnion v. Ramirez*, the Seventh Circuit has tended to analyze other statutory violations implicating privacy by asking whether such a claim would have been cognizable as one the four common-law invasion-of-privacy torts: (1) intrusion upon seclusion; (2) appropriation of a person's name or likeness; (3) publicity given to private life; and (4) placing a person in a false light. *E.g.*, *Dinerstein*, 73 F.4th at 513; *Pucillo*, 66 F.4th at 639–40; *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1191–92 (7th Cir. 2021). Though a plaintiff's statutory claim need not be an "exact duplicate" or satisfy each element of one of these torts to be concrete, there must be a "close relationship" between the harms alleged and those associated with the tort. *Persinger*, 20 F.4th at 1192 & n.3.

Here, Thomspon alleges that Continental Tire violated GIPA and thus invaded her privacy. (Doc. 3-1). She also states that "a plaintiff is not required to prove, or even allege, actual injury from the improper practice," as "the mere violation of the plaintiff's statutory rights inflicts sufficient injury to assert a claim." *Id.* at 7. In Illinois state court—where her complaint was initially filed—that may well be true. *See, e.g.*, *Greer v. Ill. Hous. Dev. Auth.*, 524

N.E.2d 561, 574–75 (Ill. 1988) (distinguishing Illinois standing requirements as less stringent than those in federal court). In federal court, however, it is insufficient. At the pleading stage, as here, "the plaintiff must clearly . . . allege facts demonstrating each element" of standing. *Dinerstein*, 73 F.4th at 511 (quoting *Spokeo*, 578 U.S. at 338).

Whichever party seeks to invoke federal jurisdiction bears the burden of establishing Article III standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); and then citing *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352–53 (7th Cir. 2017)). Continental Tire invoked federal jurisdiction when it sought removal and thus must establish that Thompson has Article III standing to bring this case. *See id.* Unfortunately, however, neither Continental Tire's Notice Regarding Removal (Doc. 3) nor its Answer (Doc. 15) address the question of standing or injury in fact.

This Court, therefore, seeks briefing on whether Thompson suffered an injury in fact sufficient to confer standing under Article III. Because Continental Tire has not yet addressed this issue, the Court invites it to do so now. On or before **December 22, 2025**, Continental Tire shall file a supplemental brief explaining why Thompson has standing under Article III to bring this case. On or before **January 9, 2026**, Thompson may file a response to Continental Tire's supplemental brief, if she so chooses.

**IT IS SO ORDERED.**

**DATED:** November 18, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**