IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAELYNN THOMPSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL TIRE THE AMERICAS, LLC,<br><br>　　　　Defendant. | Case No. 3:25-CV-1928-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

　　　　This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1047 (7th Cir. 2025); *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998, 1009 (S.D. Ill. 2020) ("As a jurisdictional issue, the Court has a responsibility to address standing *sua sponte*." (quoting *Snider v. Heartland Beef, Inc.*, 479 F. Supp. 3d 762, 765–66 (C.D. Ill. 2020))). Article III standing is an unwaivable jurisdictional prerequisite for bringing a case in federal court. *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) (citing *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020)). On November 18, 2025, this Court ordered the parties to file supplemental briefing on the question of Article III standing. (Doc. 17). Having reviewed the parties' filings (Docs. 18, 19), the Court dismisses Plaintiff Kaelynn Thompson's claim for injunctive relief for the reasons set forth below.

On September 16, 2025, Plaintiff Kaelynn Thompson filed a putative class action complaint in Illinois state court against her former employer, Defendant Continental Tire the Americas, LLC, alleging violations of the Illinois Genetic Information Privacy Act (GIPA), 410 ILL. COMP. STAT. 513/1 *et seq.* (Doc. 3-1). She sought both monetary and injunctive relief. *Id.* ¶ 62. On October 20, 2025, Continental Tire removed the case pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332(d) (Doc. 3). It then filed an answer to Thompson's complaint on November 12, 2025. (Doc. 15).

"Standing doctrine traces its origins to Article III of the Constitution, which grants federal courts the power to resolve 'Cases' and 'Controversies.'" *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1048 (7th Cir. 2025) (citing *Dinerstein*, 73 F.4th at 511). To have standing to bring suit in federal court, "a plaintiff must have suffered (1) a concrete, particularized, and actual or imminent injury (an 'injury in fact') (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Dinerstein*, 73 F.4th at 511 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "Moreover, 'standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek.'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

To survive dismissal for lack of standing at the pleadings stage, "the plaintiff must meet a pleading burden paralleling the '*Twombly-Iqbal* facial plausibility requirement,' and allege sufficient factual matter to support the inference that standing exists." *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024) (quoting *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)). The plaintiff must "'allege facts

demonstrating each element' of the standing inquiry. 'Courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Id.* (first quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); and then quoting *Silha*, 807 F.3d at 173). The Court considers only the allegations as to Thompson's standing, as "[p]laintiffs in a class action cannot rely on unnamed plaintiffs to satisfy Article III's standing requirement." *Rivera v. Am. Honda Motor. Co., Inc.*, No. 24 CV 12883, 2025 WL 1309536, at *5 (N.D. Ill. May 5, 2025) (quoting *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 958–59 (N.D. Ill. 2016)).

The Court first considers whether Thompson has standing to pursue monetary relief and concludes that she does. Thompson alleges that in March 2022, while still an employee of Continental Tire, she filed a workers' compensation claim. (Doc. 3-1, ¶¶ 27–28). In order to process her claim, Continental Tire required Thompson to submit to a doctor's examination. *Id.* ¶ 28. She alleges that this doctor—who was chosen by Continental Tire—solicited information about her family medical history. *Id.* ¶¶ 28–29. After Thompson answered the doctor's questions, Continental Tire allegedly used that information to deny her workers' compensation claim. *Id.* ¶¶ 31, 37.

Thompson alleges a monetary harm: the denial of her workers' compensation claim. *TransUnion*, 594 U.S. at 425 ("[C]ertain harms readily qualify as concrete injuries . . . . If a defendant has caused . . . monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."). And Thompson appears to allege that the doctor solicited this information *at the direction* of Continental Tire, in violation of GIPA. *See id.* ¶¶ 36–38. She further alleges that this information was specifically used

to deny her workers' compensation claim, also independently in violation of GIPA.[1] The denial of Thompson's claim (her injury in fact) is thus fairly traceable to Continental Tire's conduct. Because the Court can redress Thompson's monetary injury through the monetary relief she seeks, the elements of standing are satisfied.

The Court's determination that Thompson has standing to pursue monetary relief at the pleading stage should not be read too broadly. "A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *TransUnion*, 594 U.S. at 431 (quoting *Lujan*, 504 U.S. at 561). If, at the summary judgment stage, no evidence could be produced to show that Continental Tire was responsible for the solicitation of genetic information, or that Continental Tire *used* Thompson's genetic information in making its worker's compensation decisions, different questions would be presented than the ones discussed today. The Court expresses no view, for instance, on whether a violation of GIPA divorced from any further harm would constitute a concrete injury in fact.

The Court next considers whether Thompson has standing to pursue injunctive relief and concludes that she does not. To satisfy Article III, a plaintiff seeking an injunction must face a "'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

---

[1] GIPA prohibits employers both from, *inter alia*, (1) directly or indirectly soliciting genetic information as a condition of employment, subject to exceptions not relevant here, and (2) using genetic information to affect the terms, conditions, or privileges of a person's employment, irrespective of whether the information was lawfully obtained. *See* 410 ILL. COMP. STAT. 513/25(c), (j).

Thompson cannot make the required showing. She is no longer employed by Continental Tire (Doc. 3-1, ¶ 10). She fails to allege any risk that Continental Tire will solicit her genetic information in the future. Nor can Thompson point to the risk that Continental Tire will violate the GIPA rights of others in the future to establish her own standing. *In re Beyond Meat, Inc., Protein Content Mktg. & Sales Pracs. Litig.*, 718 F. Supp. 3d 800, 811 (N.D. Ill. 2024) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share." (alteration in original) (quoting *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002))).

The Court lacks jurisdiction over Thompson's claim for injunctive relief because she lacks standing to bring it. In these circumstances, partial dismissal is the correct course of action. *See City of East St. Louis v. Monsanto Co.*, 720 F. Supp. 3d 674, 682–85 (S.D. Ill. 2024) (explaining that, where the Court lacks jurisdiction over some but not all claims in a removed case, neither partial nor total remand is appropriate). Thompson's claim for injunctive relief is accordingly **DISMISSED without prejudice**. The Court will set a conference to discuss the discovery schedule for class certification by separate order.

**IT IS SO ORDERED.**

DATED:  February 25, 2026

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**